UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
   UNITED STATES OF AMERICA,

                -against-

   OSCAR GASTELUM,

                Defendant.
-----------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CR-59-2 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Oscar Gastelum's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot. to Reduce Sentence ("Def.'s Mot.") (Dkt. 189).) For the reasons discussed below, Defendant's motion is GRANTED.

**I.    BACKGROUND**

On January 27, 2010, the Government filed a superseding indictment charging Defendant with conspiracy to possess with intent to distribute five or more kilograms of cocaine. (Superseding Indictment (S-2) (Dkt. 86) ¶ 3.) On June 23, 2011, Defendant pleaded guilty to this charge. (July 11, 2011, Order (Dkt. 114).) On May 21, 2013, the court sentenced Defendant to a 121-month term of imprisonment and a five-year term of supervised release, with special conditions, and a special assessment of $100. (J. (Dkt. 155).)

In calculating Defendant's sentence, the court determined that under the U.S. Sentencing Guidelines (the "Guidelines"), Defendant's total offense level was 31. (Statement of Reasons (Dkt. 156) (filed under seal).) Based on a Criminal History category of II, the court calculated an advisory Guideline range of 121 to 151 months of imprisonment. (Id.) After taking into account the sentencing factors set forth by 18 U.S.C. § 3553(a), the court's sentence of 121 months of imprisonment reflected the bottom of the Guideline range. (Id.)

## II. LEGAL STANDARD

Defendant filed the instant motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Pursuant to Amendment 782 to the Guidelines, effective November 1, 2014, the Sentencing Commission modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, and thereby lowered the sentencing range for drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)). However, unlike other amendments—and although Amendment 782 is "effective" November 1, 2014—"[t]he court shall not order a reduced term of

imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1). While subsection (e)(1) thus postpones the effective date of any reduced sentence, it does not preclude the court from conducting resentencing proceedings or entering orders pursuant to § 3582(c)(2) before November 1, 2015, so long as the effective date of the order is November 1, 2015, or later. See id. § 1B1.10 cmt. 6; see also, e.g., United States v. Vargas, --- F. Supp. 3d ---, No. 05-CR-1327 (VM), 2015 WL 708540, at *1 (S.D.N.Y. Feb. 10, 2015) (discussing effective dates and granting defendant's motion for a reduction in sentence, "effective on November 1, 2015").

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis, to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting forth exception for a defendant sentenced pursuant to a government motion reflecting defendant's substantial assistance to authorities). Ultimately, the Guidelines establish that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

## III. APPLICATION

Defendant argues that in light of Amendment 782, his total offense level is now 29. (Def.'s Mot.) This corresponds to a new Guideline range of 97 to 121 months.[1] See U.S.S.G. § 5A (Sentencing Table). The Government agrees that Defendant is eligible for resentencing. (See Resp. to Mot. to Reduce Sentence (Dkt. 191).)

The court finds that Defendant is eligible for a reduction in sentence. Defendant's sentence for violation of 21 U.S.C. § 841(a)(1), to which he pleaded guilty, was based on the sentencing range in effect at the time. (See Statement of Reasons at 1.) Therefore, Amendment 782 applies to Defendant. See U.S.S.G. App. C (Supp.) at 71. Had Amendment 782 been in effect at the time of Defendant's sentencing in 2013, see id. § 1B1.10(b)(1), his base offense level would have been 32 (not 34), see id. § 2D1.1(c)(4), his total offense level would have been 29 (not 31) (see Statement of Reasons at 1), and the Guideline range for his sentence would have been 97 to 121 months of imprisonment (not 121 to 151 months), see U.S.S.G. § 5A (Sentencing Table). However, the statutory mandatory minimum remains 120 months. See 21 U.S.C. § 841(b)(1)(A). Whereas in 2013, the Guideline range fell entirely above the statutory minimum, the range has been lowered such that Defendant is now eligible to have his previous sentence of 120 months reduced by up to one month to match the statutory minimum.

Proceeding to the second step of the analysis, the court must determine whether a reduction in sentence is warranted. Upon review of the § 3553(a) factors, and in light of the

---

[1] Both parties assert, incorrectly, that Defendant's sentence was based on a Criminal History category of III, and that the amended Guideline range is therefore 108-135 months. (Def.'s Mot.; Resp. to Mot. to Reduce Sentence (Dkt. 191) at 3, 4; contra Statement of Reasons at 1.) However, the error does not affect the result in this case because, as both parties agree, the statutory mandatory minimum is 120 months regardless of the applicable Guideline range. (See Def.'s Mot.; Resp. to Mot. to Reduce Sentence at 4.)

4

Government's consent to limited resentencing, the court finds that a reduction is in fact warranted. For the same reasons that a sentence at the bottom of the Guideline range was appropriate when Defendant was initially sentenced in 2013, a sentence of 120 months—representing the statutory minimum and thus the "effective" bottom of the new Guideline range—is appropriate here. (See Resp. to Mot. to Reduce Sentence at 4.)

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED. Consistent with this Memorandum and Order, the court will issue an Amended Judgment reflecting a sentence of 120 months of imprisonment, with an effective date of November 1, 2015. The Amended Judgment will also reflect a change to the special conditions of supervised release, such that Defendant is directed to participate in an outpatient (as opposed to inpatient) drug treatment program.[2] The court does not alter any other portion of the May 21, 2013, Judgment (Dkt. 155), including the remaining special conditions of supervised release and the $100 special assessment.

SO ORDERED.

Dated: Brooklyn, New York
October 15, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] See United States v. Matta, 777 F.3d 116, 123 (2d Cir. 2015) (holding that the district court may not delegate to the probation department the decision of whether a defendant will be required to participate in an inpatient or outpatient drug treatment program as a condition of supervised release). If, upon Defendant's release, the Probation Department believes strongly that an inpatient drug treatment program is necessary, the Department may file a recommendation to that effect with the court for consideration. Defendant may object to the recommendation or may consent and waive the right to file a response.